STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL DOCKET
CUMUCD-CR-13-2601/
WSR CUM- 9/12/2013

STATE OF MAINE,

v.

DECISION

CALEB DAIGLE,

Defendant.

## FINDINGS

1. At 11:59 p.m. on April 21, 2013 in Yarmouth, Officer Joshua Robinson, a seven-year member of the force, observed a car traveling slowly on Route 1 in light traffic.

2. Officer Robinson followed the car and when it turned onto Portland Street, observed that its taillights did not brighten when the car braked for the turn.

3. Officer Robinson then observed the car touch the nearest of the double center lines three to five times.

4. Officer Robinson activated the blue lights and stopped the vehicle.

5. When he approached the vehicle on the driver's side, Officer Robinson smelled intoxicants. Driver-defendant Caleb Daigle denied drinking. The passenger admitted drinking.

6. Officer Robinson also observed that Mr. Daigle had glossy, bloodshot eyes and slurred speech.

7. Officer Robinson asked Mr. Daigle to exit the car. He did so and when asked again, again denied that he had been drinking. Officer Robinson at that point could smell the odor of intoxicants on Mr. Daigle's breath.

8. Officer Robinson administered the Horizontal Gage Nystagmus test and observed almost all of the possible clues. In addition, Mr. Daigle repeatedly moved his head during the test despite being repeatedly asked not to do so.

9. On the walk and turn test Mr. Daigle did better except that he raised his arms to steady himself and ignored the officer's instruction on how to execute the turn.

10. On the one-legged stand test Mr. Daigle did reasonably well.

## ANALYSIS

The malfunctioning taillights gave Officer Robinson reason to stop Mr. Daigle. That aside, the slow speed at midnight and the drifting to the centerline three to five times provided enough reasonable articulable suspicion for the stop.

The bloodshot, glossy eyes, the slurred speech, the smell of alcohol, the poor performance on the HGN test and the defects on the walk and turn test, especially the inability to follow instructions, provided sufficient probable cause to arrest Mr. Daigle and have him take a breath test.

For the above stated reasons, the clerk, by reference, will make the following entry on the docket.

Defendant Caleb Daigle's motion to suppress is denied in all respects.


DATED: September 12, 2013 _____W. S. Brodrick_____
William S. Brodrick
Active-Retired Justice, Superior Court

2